# STATE OF WEST VIRGINIA

## SUPREME COURT OF APPEALS

**THOMAS R. CLARK,**
**Claimant Below, Petitioner**

FILED

July 24, 2013
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**vs.)    No. 11-1461** (BOR Appeal No. 2045654)
                        (Claim No. 2005034495)

**WEST VIRGINIA OFFICE OF**
**INSURANCE COMMISSIONER**
**Commissioner Below, Respondent**

**and**

**ADVANTAGE STEEL & CONSTRUCTION, LLC,**
**Employer Below, Respondent**

## MEMORANDUM DECISION

Petitioner Thomas R. Clark, by M. Jane Glauser, his attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review. West Virginia Office of the Insurance Commissioner in its capacity as the Administrator of the Old Fund, by Jack M. Rife, its attorney, filed a timely response.

This appeal arises from the Board of Review's Final Order dated September 30, 2011, in which the Board affirmed a February 3, 2011, Order of the Workers' Compensation Office of Judges. In its Order, the Office of Judges affirmed the claims administrator's July 6, 2009, order. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

On February 2, 2005, Mr. Thomas R. Clark was employed as an ironworker for Advantage Steel & Construction, LLC, when he fell from a ladder and sustained severe injuries to his left foot. On March 22, 2005, the claim was held compensable for fracture calcaneus

1

closed. Mr. Clark underwent surgery to repair his injuries, but continued to have problems with his left heel including chronic pain and chronic cellulitis of the left foot. On June 25, 2009, Dr. Shoenthal requested authorization for Paxil. The claims administrator denied the claim upon the finding that Mr. Clark's depression was a pre-existing condition and had not been held as a compensable component of his claim.

In November of 2009, Mr. Clark had inpatient surgery at University of Pittsburgh Medical Center. A request was made to the claims administrator for Mr. Clark to obtain authorization for a six week admission into a skilled nursing facility. The claims administrator denied the request upon the finding that no evidence had been provided that Mr. Clark had a reasonable medical necessity for admission into a skilled nursing facility.

Initial pre-operative treatment records from February 8, 2005, just six days after the injury, showed that Mr. Clark was being prescribed Paxil for depression. The Office of Judges noted that depression had not been determined to be a compensable component of this claim. Based on the above evidence, the Office of Judges found that Mr. Clark's depression was pre-existing and unrelated to the injuries in this claim. It was determined that the medication Paxil is not medically related or reasonably required medical treatment for Mr. Clark's injuries of February 2, 2005.

The Office of Judges found that reasons of medical necessity have not been provided for admission into a skilled nursing facility. The request for a six week stay in a skilled nursing facility was not accompanied by a list of specific medications to be administered or any other reasons of justification for the stay. Candice Haney, RN BSN reviewed Mr. Clark's medical file and offered alternatives to the skilled nursing facility to which UPMC agreed to offer Mr. Clark. Mr. Clark refused the alternative services. The Office of Judges found that there was no medical evidence to show that a stay in a skilled nursing facility was medically necessary regarding Mr. Clark's injuries of February 2, 2005. The Board of Review reached the same reasoned conclusions and affirmed the denial of the Paxil and the six weeks stay in a skilled nursing facility. We agree with the conclusions of the Board of Review.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED:   July 24, 2012**

**CONCURRED IN BY:**
Chief Justice Brent D. Benjamin
Justice Robin J. Davis
Justice Allen H. Loughry II

**DISSENTING:**
Justice Margaret L. Workman
Justice Menis E. Ketchum